# BENNINGTON COUNTY,

### FEBRUARY TERM, 1838.

PRESENT, HON. STEPHEN ROYCE,
" SAMUEL S. PHELPS. } *Assistant Justices.*
" JACOB COLLAMER,

### GEORGE JONES *v.* ASAHEL BOOTH.

In an action upon a note, signed by one of two partners in the partner-
ship name, for a purpose not connected with the partnership, and with-·
out the knowledge of the other partner, testimony, tending to show a
subsequent recognition of the note, by the latter, is within the exclusive
province of the jury to weigh, and the court ought not, in such case, to
pass upon the sufficiency of the testimony, and direct a verdict.

THIS was an action of assumpsit, on a promissory note,
signed by one Turner Hills, and Austin, Booth & Co., and
payable to the plaintiff.

It was admitted by the plaintiff, that the name of Austin,
Booth & Co. was subscribed to said note by Cyrus Austin,
the acting partner, as surety for Turner Hills.

The defendant then offered parol evidence, to prove that
the partnership of Austin, Booth & Co. was limited to the
sale of goods and merchandize ; and, that Booth, the defen-
dant in this case, resided in Colerain, in the commonwealth
of Massachusetts, and came to Bennington, where the busi-
ness of Austin, Booth & Co. was transacted, but five or six
times a year.

The plaintiff then introduced John Hicks as a witness,
who testified, that he had a claim against Turner Hills ; that

witness called upon Hills for payment, and that he was re-
ferred by Hills to defendant, and was informed by Hills, that
he, (Hills,) had made an assignment to Austin, Booth & Co.
of leather .in vats, to pay plaintiff's claim ; that witness
called upon defendant, to obtain payment on his claim ; that
defendant replied, that he thought it doubtful whether he
should be able to pay him any thing upon his claim, as he
had the note of the plaintiff to pay, and a note of Timothy
Darling and others, and that he thought the leather, which
had been assigned, would not be sufficient to pay those debts
and the debt of witness.

Timothy Darling, another witness, testified, that he had a
note signed by Turner Hills and Austin, Booth & Co., and
that the name of Austin, Booth & Co., was subscribed by
Cyrus Austin, the acting partner, as surety for Turner Hills,
and, that he called upon defendant for .payment of said note,
who replied, that he would pay that note, and also the
note holden by the plaintiff, in a few weeks, as he had sent
leather to Albany, and expected to receive money sufficient
to pay them.

Jonas Camp testified, that Cyrus Austin signed the name
of Austin, Booth & Co. as surety for him, on a note to the
Bank of Bennington, which note was discounted, and Austin,
Booth & Co. had part of the money and witness the rest,
and that Booth subsequently paid said note to the Bank.

Samuel H. Blackmer testified, that he, as attorney for
Camp, was present at a settlement between said Camp and
defendant, and that defendant made a claim upon Camp for
the whole amount of said note given to the Bank.

Samuel H. Maddin testified that he went, in company with
plaintiff, to the store of Austin, Booth & Co., in Bennington,
and that plaintiff requested of defendant payment on his
note, and that defendant replied, that he would pay the
note if plaintiff would wait two or three weeks, as he had
sent a load of leather to Albany, for which he should re-
ceive the money.

The defendant then introduced Elijah D. Waters, who
testified, that he was 'a clerk in the store of Austin, Booth &
Co. and that Hills consigned a quantity of leather to witness,
for the payment of these debts ;—first, the debt of Austin,
Booth & Co., then the debt of plaintiff and Darling, and

then other creditors, and that defendant took the management of the leather, but enough was not realized from the avails of the leather to pay the debt of Austin, Booth & Co. against Hills.

The plaintiff requested the county court to charge the jury, that, if they believed from the testimony, that subsequent to the execution of the note in question, defendant had adopted said note, or assented to the execution of it by said Austin, the plaintiff was entitled to a verdict against said defendant for the amount of the note.

But the court refused so to charge, but did charge, that one partner had no right to pledge the partnership name as surety for another, and that, in this case, the evidence was insufficient, to warrant the jury in finding a subsequent ratification or assent, on the part of the defendant, to the execution of the note, inasmuch as in the case of the note signed to the Bank, the firm of Austin, Booth & Co. had part of the money, and in the other cases, when the defendant had been referred to as recognizing the note in suit, or admitted any liability thereon, he referred to the assignment of the leather, the avails of which proved insufficient to pay the debt due Austin, Booth & Co. from said Hills.— Whereupon the jury returned a verdict for the defendant, and the plaintiff excepted.

*J. S. Robinson*, and *P. Isham*, for plaintiff.

It is undoubtedly true, that one partner has no authority to pledge the company name, as surety for the debt of a third person. But it is permitted to show, as in the case of principal and agent, that the partner, signing the company name, had authority to do the act, either from their habit and course of dealing, or from the defendant's recognition of the act, or acquiescence in it.

1. The testimony, according to the decision of Lord Ellenborough, in 3 Camp. 447, and Theobald, 18, was sufficient *prima facie* evidence, for presuming an authority from the defendant to his co-partner, to sign these notes, as surety. In the analogous case of principal and agent, the like rules obtain. As where one subscribed policies in the name of another, and upon a loss happening, the latter paid the amount, this was held to be evidence of a general authority to subscribe policies. 2 Stark. Ev. 57. 1 Camp. 43.

2. Admitting that the defendant was not liable upon this note, at the time of its execution, he has since recognized it as obligatory upon him, by taking an assignment of leather from Hills, and expressly promising the plaintiff to pay the note, out of the avails of a specific portion of leather, which had been sent to market. *Skinner* v. *Dayton,* 19 Johns. R. 513. *Odiorne* v. *Maxcy et al.,* 15 Mass. 39. 2 Saund. Pl. & Ev. 255.

3. It is the province of the jury, and not of the court, to decide, whether the evidence would warrant them in finding a subsequent assent or ratification of the contract, by the defendant. If the court instruct the jury as to the sufficiency of the evidence, it is good cause for granting a new trial. 9 Peters' R. 541. Am. Jur. No. 28, 396.

*W. S. Southworth*, for defendant.

The court are not bound to use the precise language which counsel may request, though the request may involve no position which is strictly against law. *Holbrook* v. *Hyde,* 1 Vt. R. 286.

The court did charge that a partner has no right to pledge the partnership name, as surety for another. This is too well settled to be controverted. *Waller, admr.* v. *Keyes,* 6 Vt. R. 257. *Foot* v. *Sabin,* 19 Johns. R. 154. *New York Fire Ins. Co.* v. *Bennett,* 5 Cow. R. 575. *Lansing* v. *Gaine & TenEyck,* 2 Johns. R. 300. 16 Johns. R. 38. 2 Caines' 249. 10 Wendell's R. 461.

The court also charged that the evidence was insufficient to warrant the jury in finding a subsequent ratification or assent. This we believe is also correct. Such assent must be *proved*, and the burden of proof is on the plaintiff. See cases before cited.

There is no proof of *antecedent* knowledge or assent.

This was a mere naked contract, as to Austin—a case, where, by *adopting* the contract, Booth could derive no benefit.

An assignment had been made by Hills, of certain leather, to the defendant's clerk. The defendant took the management of it. By the assignment, the avails of the leather were to pay certain creditors, in a certain order, first, Austin, Booth & Co., then the plaintiff, and then others. Until this assignment was made, nothing was heard in relation to this

note, from either plaintiff or defendant. Then Hicks, Darling, and the plaintiff, all came to the defendant, not as liable on the notes, but as the manager of the fund, by which they hoped to be paid. And no promise, acknowledgment or assent, is made, except as referring to that fund.

And the same language is used in speaking of Hills' claim, where he could not be liable, as in speaking of the other debts.

A mere *opinion* of the court, without a *direction* to the jury to find a verdict, is proper. *Bracket* v. *Norton,* 4 Conn. R. 517. *Leavitt* v. *Peck,* 3 do. 124.

The opinion of the court was delivered by

PHELPS, J.—With the weight of the evidence in this case we have no concern. The only question for our consideration is, whether the evidence relied on by the plaintiff had a legitimate tendency to sustain the issue on his part. If so, it should have gone to the jury to be weighed by them, and if not, the court below were right in passing upon it themselves.

The plaintiff admits that the mere relation of partners did not, of itself, authorize Austin to bind the defendant, by this note. But he insists that one partner may authorize his fellow to bind him in such a case; and of this, there is no doubt. He insists further, that a subsequent recognition of the note by the co-partner, as a subsisting obligation upon him, is evidence of such authority; and of this, there is as little doubt.

That the evidence offered by the plaintiff, had a legitimate tendency to prove such an authority, seems to have been understood by the court below, when they admitted the testimony. That it had such a tendency, standing alone and independent of the explanation offered by the defendant, there can be no question. And whether that explanation satisfactorily rebutted the presumption arising from the declarations of the defendant, was a question within the exclusive province of the jury. How the defendant came to take the assignment, securing this debt, at all, was proper for their consideration; and whether the defendant's promises to pay it were referable to its validity in the outset, or to the supposed trust, created by the assignment, is a mere question of fact for the jury to decide. In short, whether the jury would infer, from the evidence, an authority in Austin

to bind his co-partner, at the time of making the note, was a question for the exercise of their judgment, and not a matter of law. Indeed, the conversation between the plaintiff and defendant, as testified to by Maddin, would in my judgment bind the defendant, unless the plaintiff was bound to understand him, as having reference solely to the pledge in his hands, and not to the authority of his partner to bind him in the outset. If the plaintiff had reason to consider it as an admisssion, by the defendant, of his liability on the note, there are strong reasons why the defendant should be held to his promise. What the plaintiff understood, or had reason to understand, and what the defendant intended he should understand, should have been found by the jury.

We think the court below erred in passing upon the sufficiency of the evidence. They should have left it to the jury, with proper instructions, to determine whether Austin had the necessary authority to bind his partner, and whether the latter intended to admit, unequivocally, to the plaintiff, his liability on the note.

For this reason, the judgment of the county court, is reversed, and the cause remanded to that court, for a new trial.