McNeill's Ex'rs v. Reynolds.

## McNEILL'S Ex'rs, v. REYNOLDS.

1. Where evidence is pertinent, and alone, or in connection with other testimony, will establish the issue, it is, in general, admissible, and the court may be required to instruct the jury so as to protect the rights of the respective parties.

2. In order to prove the existence of a partnership, it is competent to show how the supposed firm made out their accounts, kept their books, and even marked boxes of merchandize; but to make such proof available, it must be shown that the party against whom it is offered had some agency in these acts, or impliedly or expressly sanctioned, or approved them.

3. Although the engagement of an individual member of a firm may not be within the scope of the partnership dealings, yet if the transaction come within the knowledge of his copartners, and is assented to by them, then it will be obligatory upon the concern.

Writ of Error to the Circuit Court of Coosa.

THIS was an action of assumpsit at the instance of the defendant in error, against the testator. The declaration alledges, that the testator, on the 9th of May, 1839, made his promissory note, under the name and description of J. McNeill & Co., by which, as one of the firm of J. McNeill & Co., he

promised to pay, one day after date, to the plaintiff, the sum of $342 84, for value received, &c.

The death of the testator was suggested, and his executors made parties after the service of a *scire facias.* Thereupon the cause was submitted to a jury, as on issue joined, who returned a verdict for the plaintiff, for the amount of the note declared on, with interest, and judgment was rendered accordingly.

On the trial, a bill of exceptions was sealed by the presiding Judge, from which it appears, that the plaintiff offered to read to the jury, the deposition of Alexander White, and that the defendant objected to its admission—1. Because it spoke of a partnership existing between the testator and Samuel Leeper, which was known to the witness from report. 2. Because it related to the contents of letters written by the testator to witness—none of which were produced, or their absence accounted for ; as well as the manner in which Leeper kept his books. 3. Because an account made out by some one, and appended to the deposition, was not shown to be in the hand-writing of McNeill and Leeper, or ever seen by them.

The court sustained the first objection, and the second, so far as to exclude what the witness said about McNeill's letters to him, but permitted evidence of the manner in which the books were kept by Leeper to go to the jury, as a circumstance which, if sustained by other testimony, they might take into consideration. The account attached to the deposition was also permitted to be read to the jury, for the same purpose. This account was made out in the name of J. McNeill & Co. and was attached to the deposition, because one of the interrogatories by the plaintiff requested it.

A witness named Kelly, introduced by the plaintiff, stated, that he hauled boxes of merchandize from Wetumpka to Mardisville, where Leeper did business, marked "J." or "John McNeill & Co. Mardisville, Alabama." This testimony was objected to, unless it was shown that McNeill was aware of the transaction, or of the mark on the boxes, and made no objection to it ; but the court allowed the proof to go to the jury, "as a circumstance which, if sustained by other evidence in the cause, the jury might take into consideration."

There was other evidence adduced, but as no exception was taken to it, so much as is stated in the bill of exceptions need not be here recited.

The court charged the jury, among other things, (not excepted to,) that they might take into consideration the manner in which Leeper kept his accounts, and might refer to the paper attached to the deposition " as circumstances which, if sustained by other evidence in the cause, might go to show a partnership."

The court further charged the jury, that if they found there was a partnership between McNeill and Leeper to sell certain articles, and that the note sued on was given by Leeper, for articles not within the scope of the partnership transactions, or business, then they must find for the defendants, unless the transaction came to the knowledge of McNeill, and was assented to by him. To the ruling of the court in the admission of the evidence above recited, and to the charges to the jury, the defendants excepted.

W. P. CHILTON, for the plaintiffs in error.

W. W. MORRIS, for the defendant in error.

COLLIER, C. J.—Although the record does not show upon what plea the issue was submitted to the jury, it is admitted, that the issue was so framed as to throw upon the plaintiff the *onus* of proving that the note declared on was executed under such circumstances as to impose upon the defendants testator, a legal obligation to pay it. The question in respect to the evidence objected to, is not whether it was competent to establish the defendant's liability, but whether its tendency was to produce such a result; for if it was pertinent, and alone, or in connection with other testimony, could have that effect, it was clearly admissible.

In order to charge persons or partners, the utmost strictness of proof of the partnership is not required. It is sufficient to show, that they have acted as partners, and that by their habit and course of dealing, conduct and declarations, they have induced those with whom they have dealt, to consider them as partners. [3 Stark. Ev. 1070.] An account

book containing entries made by two persons sued as partners, has been held admissible, as evidence of partnership. [Champion v. Tilley, 3 Day's Rep. 306.]

The account exhibited with the deposition, was one of which the witness had many placed in his hands for collection. If the testator had no agency in making out these accounts, and said or did nothing in regard to them, to indicate that they were due to him as a partner with Leeper, of course they could prove nothing against him. But if he controlled the collection, received the benefit of the proceeds, or did any other act of an equivalent import, either of these, in connection with the form of the accounts, would be most satisfactory evidence. If the paper attached to the deposition was evidence, much more so was the testimony in respect to the manner in which the books were kept, and boxes of merchandize marked.

It must be observed, that the court did not admit the evidence as sufficient in itself; but it is very clearly intimated, that if it was not supported by other facts and circumstances, it did not authorize a verdict in favor of the plaintiff.

Where testimony pertinent to the issue, and unobjectionable in itself is offered, it should be permitted to go to the jury, and the party who supposes he may be prejudiced by it, should pray a charge as to its legal effect. This point has been so often ruled by us, that it cannot be necessary to cite the decisions.

The first charge given to the jury was a mere reiteration of the legal principle involved in the admission of the evidence. The first part of the second charge affirms a familiar principle, quite as favorably for the defendants as they could desire, and the latter part is clearly consistent with what preceded it. It merely asserts, that although the note in question may be founded upon a transaction, not within the scope of the partnership dealing, yet if the transaction came to the testator's knowledge, and was assented to by him, then the note would be binding upon defendants. There can be no available objection to the charge to the jury; and it follows that the judgment of the Circuit Court is affirmed.