If the bill of exceptions must be considered as containing the statement of facts established on the trial, instead of the evidence of facts, then the judge at the trial correctly denied the plaintiff's request to submit to the jury the question of Smith's authority to endorse the *Page 582 
defendant's name on the note. The Supreme Court granted the new trial upon that point, but seem not to have adverted to the language of the bill of exceptions, and to have confounded it with a case. Treating it as a case, and the proof as mere evidence, they were justified in granting a new trial; for there was abundant evidence to go to the jury and to justify them in finding an original authority to Smith to endorse the firm name on the note. But I am of opinion the bill of exceptions must be considered as containing a statement of facts, the result of evidence, and that it must be considered as a conceded fact that Smith had no authority from the defendant to use his name at the time the endorsement was made. The new trial cannot be sustained on the basis assumed by the Supreme Court. It becomes necessary, therefore, to examine the other grounds urged by the respondent to support the order for a new trial.
The plaintiff proved that after the note fell due, or about that time, the defendant admitted in express terms that he was liable on the note as endorser, and promised to pay it. This raises the question whether, when one member of a copartnership endorses his own note (given in form to the firm) with the firm name, without the knowledge or assent of his partner, and for his individual benefit, and these facts are known to the bank which discounts it, the firm can be made liable by a subsequent assent thereto and promise to pay the same.
The authorities all speak one language on this subject, and affirm that the firm is liable. The same rule prevails in the case of an assumed agent professing to act for a principal. STORY (on Agency, § 253) states the rule thus: "So, if a person should sign or endorse a note, as agent for another, without authority, and the principal should afterwards, upon full knowledge, promise to pay it accordingly, that would amount to a ratification of the act." (Byles on Bills, 34; 2 Penr. Watts' P.R., 160-177; Sweetser v. French, 2 Cush. *Page 583 
309; 9 Ala., 313; 3 Humph., 597; 10 Verm., 268; 4 Seld.,
398.)
But it is objected by the appellant's counsel that, in order to be bound by the subsequent ratification, there should be a consideration to support it. In none of the cases cited is the subject of a consideration, to support the promise or ratification, alluded to as necessary. But it has been held that it is not necessary to ratify in writing, although a writing was necessary to the validity of the original agreement; and I am of opinion that no new consideration is necessary to sustain the ratification. (McClean v. Dunn, 4 Bing., 722; Davis v.Shields, 24 Wend., 325; Lawrence v. Taylor, 5 Hill,
107.) By the act of ratification, the parties are placed in the same position, in all respects, as if the contract had been originally authorized.
If the defendant would have been liable on this note, had he authorized his name to be used by Mr. Smith at the time the endorsement was made, he is liable now. Of his liability, under such circumstances, there can be no doubt. The judgment should be affirmed and a new trial ordered, with costs to abide the event.
All the other judges concurring,
Judgment affirmed.