Johnson, J.
It was proved that the indorsement of •Smith & Warren, on which the defendant is sought to be charged, was written by Smith, the maker of the note, without the knowledge, consent or authority of the defendant, for Smith’s own individual benefit, and for no purpose connected with the business of the firm of Smith & Warren, and neither for the benefit of the firm, nor Warren; and that all these facts were known to the plaintiff at the time of the indorsement. Upon these facts no question is made, .¡nor could any be made, of Warren’s being not liable. There ¡is proof of several subsequent promises on the part of Warren to pay the note, and of acknowledgments of his liability ¡as indorser; but there is no proof in respect to the existence .of any independent consideration moving to him or from the plaintiff. If, therefore, any independent consideration is necessary to sustain his liability, the plaintiff must fail. If there had been an original assent, on the part of the defendant, to the indorsement, he would have been bound by it, even if the note had been taken by the bank on account of a precedent debt as collateral security. (Bank of Rutland v. *579 Buck, 5 Wend., 66.) That would have presented the common case of an accommodation indorser, whose obhgation has been used as he intended it should be. Yet, in that case, there would have been no consideration moving to him, nor from the plaintiff. It would have stood upon the consideration existing between Smith and the bank. That being so, I see no reason why his subsequent assent should not place him in the same position. The maxim is certainly general, that a ratification is equivalent to a prior authority; and I do not find that it has ever been held that any special sort of ratification is necessary, when the act to be ratified is the giving, in the name of the principal, an accommodation note or indorsement. In many of the cases in which the responsibility of one partner, upon the signature of the firm name by another partner, out of the firm business, has been litigated, the creditor has been held chargeable in law with notice of that fact; and has, therefore, been put to show a special assent to the use of the firm name in that way.. The creditor is in no worse position because he appears to have known in fact in this case, what in the others he was held bound in law to know. In those cases a subsequent ratification has been frequently said to be sufficient to charge the partner who had not authorized the use of his name; and it has never been suggested that to make such a ratification effectual, an independent consideration was necessary. (Sweetser v. French, 2 Cush., 309; Wilson v. Williams, 14 Wend., 158; Nixon v. Palmer, 4 Seld., 398.) Indeed, unless there is a general exception of accommodation paper, made by an agent fn the name of his principal, from the ordinary rules which are applicable to acts done by an unauthorized agent, there is no question about the defendant’s responsibility. Where the unauthorized act is apparently for the benefit of the principal, a very slight matter will serve to make out a ratification; where the act is not apparently for his benefit, clearer evidence of ratification should be required. When, however, it plainly appears that he does *580 mean to ratify that which has been done in his name, the law does not compel us to deny him the privilege. He must be taken to have considered for himself whether the act done was, on the whole, such as he approves, and desires to be bound by. Such a case may have presented itself to him as is referred to by Lord Eldon, in exparte Bonbonus, cited in Gansevoort v. Williams (14 Wend., 140.): “ In many cases of partnership and different private concerns, it is frequently necessary for the salvation of the partnership that the private demand of one partner should be satisfied at the moment.” And as suca considerations would properly have great weight with a partner in assenting originally to the use of his name, by and for the benefit of his copartner, I see not why this may not also be allowed to weigh, when he comes to consider whether he will or will not be bound by a use of his name by his partner, though originally unauthorized.
The judgment should be affirmed.
Selden, J.
It is a part of the established doctrine of the law of agency, that a subsequent ratification by the principal of the previous unauthorized act of an agent, or of one assuming to be such, is in all respects equivalent to /an original authority. This doctrine has been repeatedly applied to cases of the unauthorized use of the partnership name, by one of the partners, for his own private benefit. It is, however, contended by the defendant’s counsel, that the ratification in such cases operates not directly, but merely as presumptive evidence that the act was originally done by the authority of the principal.
Were this position established, it would inevitably follow that the judgment .in this case must be reversed; as the evidence of a want of authority is so conclusive, as effectually to repel any contrary inference to be drawn from: the subsequent assent of the defendant.
*581 But this view of the modus operandi of a ratification, is not sustained by the authorities. On the contrary, they all proceed upon the assumption that a ratification is, per se, a confirmation of the act of the agent. In none of the cases do I find it intimated that it operates merely as evidence of an original authority; nor have I met with any case in I which the usual effect of a ratification was prevented, by proof of an actual want of authority on the part of the agent.
Whether or not, therefore, the doctrine that a ratification is not merely evidence of, but equivalent to, an original authority, can be made to harmonize with the general principles and analogies of the law, it appears to be too firmly established to be shaken. Of its applicability to the present case there is no doubt. It is clear, also, that no valid distinction can be taken between a ratification of and a promise to perform the engagement entered into by the agent. The substance of a ratification consists, in all cases, in the consent of the principal to be bound by the act of the agent. Nor do I see that the effect of the defendant’s voluntary assumption, in this case, of the obligation ostensibly imposed upon him by the act of his partner, can be prevented by the knowledge, on the part of the plaintiff, of the want of authority of such partners. No such distinction is suggested in any of the cases, although in some of them, the fact that the agent had exceeded his powers, must have been either actually or presumptively known to the plaintiff.
My conclusion therefore is, that the judgment of tho Supreme Court should be affirmed.
Shankland, J.
If the bill of exceptions must be considered as containing the statement of facts established on the trial, instead of the evidence of facts, then the judge at the trial correctly denied the plaintiff’s request to submit to the jury the question of Smith’s authority to endorse the *582 defendant’s name on the note. The Supreme Court granted the new trial upon that point, but seem not to have adverted to the language of the bill of exceptions, and to have confounded it with a case. Treating it as a case, and the proof as mere evidence, they were justified in granting a new trial; for there was abundant evidence to go to the jury and. to justify them in finding an original authority to Smith to endorse the firm name on the note. But I am of opinion the bill of exceptions must be considered - as containing a statement of facts, the result of evidence, and that it must be considered as a conceded fact that Smith had no authority from the defendant to use his name at the time the endorsement was made. The new trial cannot be sustained on the basis assumed by .the Supreme Court. It becomes necessary, therefore, to examine the other grounds urged by the respondent to support the order for a new trial.
The plaintiff proved that after the note fell due, or about that time, the defendant admitted in express terms that he was liable on the note as endorser, and promised to pay it. This raises the question whether, when one member of a copartnership endorses his own note (given in form to the firm) with the firm name, without the knowledge or assent of his partner, and for his individual benefit, and these facts are known to the bank which discounts it, the firm can be made liable by a subsequent assent thereto and promise to pay the same.
The authorities all speak one language on this subject, and affirm that the firm is liable. The same rule prevails in the case of an assumed agent professing to act for a principal. Story (on Agency, § 253) states the rule thus: “ So, if a person should sign or endorse a note, as agent for another, without authority, and the principal should afterwards, upon full knowledge, promise to pay it accordingly, that would amount to a ratification of the act.” (Byles on Bills, 34; 2 Penr. & Watts’ P. R., 160—177; Sweetser v. French, 2 Cush. *583 309; 9 Ala., 313; 3 Humph., 597; 10 Verm., 268; 4 Seld., 398.)
But it is objected by the appellant’s counsel that, in order to be bound by the subsequent ratification, there should be a consideration to support it. In none of the cases cited is the subject of a consideration, to support the promise or ratification, alluded to as necessary. But it has been held that it is not necessary to ratify in writing, although a writing was necessary to the validity of the original agreement ; and I am of opinion that no new consideration is necessary to sustain the ratification. (McClean v. Dunn, 4 Bing., 722; Davis v. Shields, 24 Wend., 325; Lawrence v. Taylor, 5 Hill, 107.) By the act of ratification, the parties are placed in the same position, in all respects, as if the contract had been originally authorized.
If the defendant would have been liable on this note, had he authorized his name to be used by Mr. Smith at the time the endorsement was made, he is liable now. Of his liability, under such circumstances, there can be no doubt. The judgment should be affirmed and a new trial ordered, with costs to abide the event.
Ali the other judges concurring,
Judgment affirmed.