MOSES WEMET v. THE MISSISQUOI LIME COMPANY.

*Promissory Note Given for Previous Debt. Practice.*

The presumption of payment arising from the giving of a promissory note for a previous debt, may be rebutted by showing that the note was taken under a misunderstanding of facts, supposing the credit of other parties than the signer, given and bound thereby. If a party has any evidence tending to prove the issue, he is entitled to go to the jury upon it.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, April term, 1873, ROYCE, J., presiding. The plaintiff claimed to recover $200 which he loaned to one B. B. Bronson, an agent of the defendant, and for which said Bronson, a few days afterwards, executed his own note to the plaintiff's wife, not negotiable. The other facts are sufficiently stated in the opinion. When the testimony was closed on the part of the plaintiff, the defendant claimed that the note merged the plaintiff's cause of action against the defendant, and the court so held, *pro forma*, and directed a verdict for the defendant; to which the plaintiff excepted.

*Farrington & McIntyre*, for the plaintiff.

Bronson was the general agent of the defendant, and was authorized to conduct its business. It was clearly within the scope of his authority to borow the money; and the liability of the defendant is the same, whether the contract was made in its name, or the name of the agent. *Cochran* v. *Richardson et al.* 33 Vt. 169; *French* v. *Price et al.* 24 Pick. 13; Story Agency, §§ 269, 270, 279, 446, 447. The indebtedness of the defendant was not discharged by the acceptance of the agent's note. The giving and taking of a negotiable promissory note, is only *prima facie* evidence of payment, and any testimony which tends to show that it was not the intention of the parties to give or receive it as such payment, should go to the jury; and if there is any evidence of fraud, or if the plaintiff accepted the note in ignorance of the facts, or under misapprehension of the rights of the parties, the taking of the note is not payment. *Hutchins et al.* v. *Olcutt*, 4 Vt. 549; *Torrey* v. *Baxter*, 13 Vt. 452; *Dennison* v. *Tyson*, 17 Vt. 549; *Farr* v. *Stevens*, 26 Vt. 299; *Dickinson* v. *King*, 28 Vt. 378; *Collamer* v. *Langdon*, 29 Vt. 32; *Wait* v. *Brewster*, 31 Vt. 516; *French* v. *Price et al., supra*; *Mancely* v. *McGee et als.* 6 Mass. 142; *Melledge* v. *Boston Iron Co.* 5 Cush. 158; *Emerson et al.* v. *Providence Hat Co.* 12 Mass. 237; *Fowler* v. *Ludwig*, 34 Me. 455; *Shumway* v. *Reed*, Ib. 560. The principle that a negotiable note is only *prima facie* evidence of payment, is not changed by the fact that the note is given by the agent in his own name. *Mancely* v. *McGee, French* v. *Price, Milledge* v. *Boston Iron Co., Emerson* v. *Providence Hat Co., supra*; and the cases in which it is said that the principal is thereby discharged, conform to that rule, subject to be controlled by the intention of the parties. *Rathbone* v. *Tucker*, 15 Wend. 498; *Hyde* v. *Paige*, 9 Barb. 150; *Runkeen* v. *Deforest et al.* 18 Ib. 143; *French* v. *Price, supra*. This note is not *prima facie* evidence of payment, because it is not negotiable. The principle upon which the decisions of Maine, Massachusetts, and Vermont, rest, against the great weight of authority of the other state, and the United States courts, as well as the common law, is, that the principal shall not be liable to have the note twice collected. *Thatcher* v.

*Dinsmore,* 5 Mass. 299 ; *Hoar* v. *Clute,* 15 Johns. 224 ; *Trustees* v. *School Fund,* 12 Me. 381 ; *Ritts* v. *Mower,* 18 Ib. 361 ; *Mancely* v. *McGee, Fowler* v. *Ludwig, supra* ; 5 Gray, 567.

*H. S. Royce,* for the defendant.

There could be no recovery upon the note, because it was not the note of the defendant. *Stackpole* v. *Arnold,* 11 Mass. 27 ; Story Agency, § 147.

The plaintiff is not entitled to recover upon the count for money had and received, because the credit was given to Bronson ; and that would be so, even if Bronson was authorized to borrow money upon the credit of the company. Story Agency, §§ 288, 289.

The giving and acceptance of the note of Bronson, precludes a recovery by the plaintiff. *French* v. *Price et al.* 24 Pick. 13 ; *Paige* v. *Stone et al.* 10 Met. 160 ; *Robinson* v. *Hurlburt et al.* 34 Vt. 115 ; *Arnold* v. *Sprague,* 34 Vt. 402 ; *Collamer* v. *Langdon,* 29 Vt. 32 ; *Hutchins* v. *Orcutt et al.* 4 Vt. 549.

The money for which the note was given, was charged by Bronson to the company, and was credited and allowed in settlement before this suit was brought. An authority to employ hands and pay them, and to purchase wood, &c., did not authorize Bronson to bind the company by note, nor to borrow money on its credit. *Paige* v. *Stone et al., supra* ; *Bank of Ind.* v. *Bugbee,* 3 Keyes, (N. Y.) 461.

The opinion of the court was delivered by

REDFIELD, J. Bronson was the agent of defendant for conducting the works of the company at Highgate. He borrowed $200 of the plaintiff, and gave his own note. The money was principally used by Bronson in purchasing shaved hoops, which he furnished for the company, and was paid for them. The court directed a verdict for the defendant, on the ground that the indebtedness for said loan became merged in the note, and that Bronson alone was liable upon the note.

It is well settled in this state, since the decision in *Hutchinson* v. *Olcott,* 4 Vt. 83, that a note given for a previous debt, is *prima facie* a payment of such debt. But it has been held that if such

note is taken under misunderstanding of the facts, supposing the credit of other parties was given and bound by the note, then the presumption is rebutted, and the party may sue on the original indebtedness. *Wait* v. *Brewster*, 31 Vt. 516.

Bronson seems to have been a sub-agent, whose duty was principally limited to the manufacture of lime, and forwarding the same to market, while Wade was the general agent, who furnished the funds, and sold the lime. But Bronson had made purchases of wood, provender, and materials for barrels, and occasionally borrowed money, and used it for defendant's benefit. However slight the evidence that Bronson had been permitted to borrow money on the credit of the defendant, still, we think, as he was an agent of the defendant for some purposes, and the character and limit of that agency rested entirely in parol, that the plaintiff had a right to have the questions submitted to a jury, under proper instructions.

II. We think it cannot be said that there was no evidence in the case that plaintiff took the note of Bronson, supposing that he pledged the credit of the company. And, we think, the plaintiff had the right to go the jury, if he insisted upon this question.

Judgment of the county court reversed, and cause remanded.