## A. N. FAIRBANKS v. H. J. NELSON.

*Master and Servant. Question for Jury. Waiver. Practice. Damages.*

1. It is error for the court to direct a verdict, when evidence is given tending to prove a material fact; thus, the defendant discharged the plaintiff, who was working in his store "on trial," before the expiration of the time for which he was employed. The defendant's evidence tended to prove that the plaintiff was impertinent to him, discourteous to customers, and disliked by the other help, by reason of his overbearing manners; that he was inefficient, incompetent, unable to count money with reasonable accuracy, or to transact any business properly, and that he was late in getting at his work in the morning. *Held* that it should have been submitted to the jury, to find whether the defendant had cause to discharge the plaintiff.

2. The defendant had the right to expect, that he would be prompt, courteous, and would have a reasonable amount of tact to get along with help ; and that he had ordinary business qualifications.

3. There was no waiver in discharging the plaintiff, then receiving him back and again discharging him,—as the evidence tends to show that the defendant waived nothing, but only continued the trial.

SPECIAL ASSUMPSIT to recover damages for a breach of contract of employment. Trial by jury, September term, 1883, TAFT, J., presiding. Verdict for the plaintiff.

The defendant's counsel requested the court to charge:

VI. If the jury find that the plaintiff was an incompetent book-keeper, salesman, clerk, and manager of help, was inaccurate in accounts, ignorant of general business rules, ungracious and disagreeable in his contact with customers and employes, and was an inefficient assistant and "right hand man," the plaintiff cannot recover.

VII. If the jury find. that, in general, his conduct was such as would "prevent the mutual agreement of the plaintiff and defendant from being carried out," "or such as was calculated seriously to injure the defendant's business," or was characterized by "palpable inefficiency," or was "such as to drive away customers," then the verdict must be for the defendant.

42

The court ruled that the defendant's evidence did not prove or tend to prove any sufficient cause for discharging the plaintiff.

*Roberts & Roberts*, for the defendant.

The court should have complied with the defendant's requests. *Derby* v. *Johnson*, 21 Vt. 17; Sch. Dom. Rel. 614; 3 Wait Pr. 600; 4 Ib. 397; *Newman* v. *Reagan*, 65 Ga. 512; U. S. Dig. (1882) 596.

*L. F. Wilbur* and *W. L. Burnap*, for the plaintiff.

The evidence did not prove nor tend to prove a cause for discharging the plaintiff; therefore, there was no error in the ruling of the court.

*Forsyth* v. *Hastings*, 27 Vt. 546; *Sanderson* v. *Anderson*, 2 Hill, 486; 1 Wend. 514; 19 E. C. L. 504; 1 Cow. 345; 12 N. H. 194; 41 Vt. 66; 20 Vt. 620; 30 Vt. 592; 46 Vt, 343.

The opinion of the court was delivered by

VEAZEY, J. In the plaintiff's letter applying for a position in the defendant's store, he said: "I learn that you want a live, active young man as clerk or salesman in your furniture store. Am out of business at present, and desirous of entering some mercantile house where a man of ability can rise. Am a graduate of Brown University; understand and have had considerable experience in double entry book-keeping." * * * "My education and experience ought to earn me a fair salary." The plaintiff was received on trial, at a stipulated price, until, as the jury have found, the following February. Several letters passed between the parties, the defendant specifying to some extent what he wanted and expected, and that the plaintiff should be his head man, capable of mastering the business, valuable to both parties, and at a future day have an interest in the business, if he proved himself worthy and capable. The plaintiff began work June 17th and continued until October 19th, when he was discharged. The defendant's evidence tended to show the plaintiff was impertinent to the defendant; was inefficient and incom-

petent; was not agreeable but discourteous to customers causing a loss of trade; that he was disliked by the other help, by reason of his overbearing manners and treatment; that his manners and methods constantly irritated the defendant; that he could not count money with reasonable accuracy; that he often omitted to make charges of goods sold; that he did not relieve the defendant of any of his cares and responsibilities but increased them; that he was unable to transact any business properly; that his handwriting on the books was bad; that he constantly created trouble with the help; that he was late in getting to the store in the morning.

The evidence tended to show the foregoing with more or less detail. We think it was sufficient to be submitted to the jury on the question whether the defendant had cause to discharge the plaintiff. Where evidence is given tending to prove a material fact it is error in the court to adjudge it insufficient, and direct a verdict. That is exclusively for the jury to determine. *Jones* v. *Booth,* 10 Vt. 268; *Wemet* v. *Lime Co.,* 46 Vt. 458. If this was legal evidence it had the tendency to prove a material fact, viz: cause for discharge.

The plaintiff represented himself as an active man of liberal education and ability who understood and had had considerable experience in book-keeping. He knew in a general way what the defendant required in a clerk in the position into which he was to be put. The defendant had the right to expect that he would be prompt and courteous, and would have a reasonable amount of tact to manage and get along with the help; and could transact ordinary business, like dealing with customers, counting money, charging goods sold, with reasonable ability and accuracy. The matters complained of were not in reference to anything peculiar to the furniture business.

According to the finding of the jury the plaintiff was hired until the first of February, and it was to be a period of trial, but in such a contract, taken in the light of all that was expressed in the correspondence, there is the implication that the party has the ordinary business qualifications which the defendant's evi-

dence tends to show the plaintiff lacked. If the plaintiff was deficient in fact in the respects alleged we think it constituted a legal ground of discharge after three or four months trial. His period of trial until February had reference to learning the furniture business with a view to a higher salary or a partnership, not to learn to be reasonably prompt and courteous, or to perform, with reasonable accuracy the most ordinary business transactions that pertain to any clerkship in a store. The plaintiff assumed to be capable of filling the first position in that store under the proprietor, lacking only experience in *that business.* It was not an apprenticeship of a young boy lacking all training and who was to begin at the bottom.

The plaintiff claims that the defendant waived his right to discharge when he took the plaintiff back after the first discharge, and that no reason for discharging is shown after that. We think the defendant's evidence tends to show he waived nothing, but only *continued* the trial; also that the plaintiff's faults, as alleged, in some respects continued. The exceptions raise only the tendency of the evidence, not its weight.

Without passing upon the other points of exception, we think the County Court erred in not submitting to the jury the question whether the defendant had cause to discharge the plaintiff.

Judgment reversed, cause remanded, and new trial granted.