Pitts v. Burroughs.

## PITTS v. BURROUGHS.

1. In an action for wrongfully and maliciously suing out an attachment against the plaintiff's estate, it is not allowable for him to prove, that *by common reputation in the neighborhood in which the defendant and himself resided,* it was supposed that he had gone to an adjacent State on a visit of business or pleasure.

2. What a party said upon leaving home, or immediately previous thereto, is *admissible* evidence in his favor as a part of the *res gestæ,* on the trial of an action for wrongfully and maliciously suing out an attachment against him in his absence.

3. The absence of a debtor from the State, does not subject his property to attachment upon the allegation, that he absconds or secretes himself; and his neglect to inform a creditor of his intended absence, does not, *per se,* authorise the latter to resort to that extraordinary remedy.

WRIT of error to the Circuit Court of Perry.

This was an action on the case by the plaintiff against the defendant, for wrongfully and maliciously suing out an attachment against him. The cause was tried on the plea of *not guilty*, and the jury returned a verdict for the defendant, on which judgment was rendered.

On the trial, the plaintiff excepted to the ruling of the court. It appears from the bill of exceptions, that the defendant having

shown the absence of the plaintiff from this State at the time when the attachment was sued out, the plaintiff offered to prove, by common reputation in the neighborhood in which both parties resided, that at and a short time before the attachment issued, the plaintiff had left the State on a visit to see his children in Mississippi. But the court excluded all evidence of common reputation, unless it was brought to the knowledge of the defendant before he sued out his attachment. The plaintiff then offered to prove, that at and before leaving for Mississippi, he informed many of his neighbors of his intention to go there, and the object of his visit; and that he would return in a few weeks. But the court excluded this evidence.

The court charged the jury, that if they believed from the testimony that the plaintiff had left the State a short time previous to suing out the attachment, the defendant had probable cause for causing it to be issued; and unless the plaintiff could show that he informed the defendant before he left home of his intention to leave, he could not maintain this action.

A. GRAHAM, (of Perry,) for the plaintiff in error, cited 1 Phil. Ev. 231–2; C. & H.'s Notes, 592; Ponsony v. Debaillon, et al. 6. Martin's Rep. N. S. 238; Greenl. Ev. 101, 108, 110, 113, 120; 5 Porter's Rep. 382; 2 Poth. on Ob., No. xvi. sec. xi.; 5 T. Rep. 512; 7 id. 509; 5 Litt. Rep. 5.

THO. CHILTON, for the defendant, insisted that the common reputation of the plaintiff's visit to Mississippi, and the object of it, was inadmissible; the cases cited by the plaintiff's counsel do not show that such evidence was ever admitted for such a purpose. His declarations, also, were properly excluded under the rule which inhibits a party from making testimony for himself.

The absence of the plaintiff from the State, was *prima facie* sufficient to show a probable cause for suing out the attachment; and the charge that the plaintiff should have informed the defendant of his intended absence, whether erroneous or not, could not have prejudiced him. The defendant's counsel cited Middlebrook v. Ames, [5 Stewt. & P. Rep. 158.]

COLLIER, C. J.—It was not allowable to show, that at and previous to the time, the defendant caused his attachment to be

issued, common reputation in the neighborhood in which the parties resided, supposed that the plaintiff had gone to Mississippi to visit his children. If it was material to show where the plaintiff was, and the object of his absence, the fact could be shown by proof more precise and satisfactory than mere report or rumor. The cases in which common reputation is admissible, are exceptions to the ordinary rules of evidence, and usually rest upon the ground of necessity. Such proof is admitted to prevent a failure of justice, and when, from the nature of the inquiry, the fact cannot be established by evidence more certain and satisfactory. The present case does not come within any recognized exception.

What a party said contemporaneously with the doing of a particular act, may, in general, be proved as constituting a part of the *res gestae,* and necessary to characterize it. [Rex v. Smith, 5 Carr. & P. Rep. 201; Tompkins v. Saltmash, 14 Sergt. & R. Rep. 274; Boyden v. Moore, 11 Pick. Rep. 362; Hatton v. Banks, 1 N. & McC. Rep. 221.] In Ponsony v. Debaillon, et al. [6 Mart. Rep. N. S. 238,] the action was on a bond given upon suing out an attachment against an absconding debtor to indemnify the adverse party. The question was, whether the defendant was influenced by malice in causing his attachment to be issued; and it was held, that it was competent for the defendant to show he made inquiries after the plaintiff of third persons, and what were their answers as to his absence and the cause of it, without producing those persons to testify. It was said, in West v. Price's heirs, [2 J. J. Marsh. Rep. 380,] that "conversations or declarations made by the actor or party concerned, at the time an act is done, and which explain the *quo animo* and design of the performance, may, whenever the nature of the act is called in question, be given in evidence as part of the *res gestae.*— Without tolerating this explanation of the acts of men, by receiving their accompanying declarations, we should be often misled as to their true nature and character, and consequently liable to fall into errors in respect to them. The rule requiring *res gestae* declarations to be received as evidence, is a necessary and very useful one." [See, also, Doe ex dem. Haman v. Pettett, 5 Barnw. & Ald. Rep. 223; Downs v. Lyman, 3 N. Hamp. Rep. 486; 2 Phil. Ev. C. & H.'s notes, 592, and cases there cited; Greenl. Ev. 120–1–2.]

In the case before us, the thing done was the departure of the

plaintiff from his home; what he said upon leaving, or imme-
diately previous thereto, as to the point of his destination, the ob-
ject he had in view and when he expected to return, were ex-
planatory of his intention; and in the absence of opposing proof,
might repel the imputation that he was absconding or otherwise
endeavoring to evade the service of ordinary process. These
declarations, it is true, would not be conclusive upon the defend-
ant; but it would be competent for him to prove that they were
not just exponents of the *res gestae.* Other evidence would be
admissible to show that his acts and intentions were different
from what his statements indicated. The testimony on this
point, it will follow, was improperly rejected.

The charge to the jury is clearly erroneous. It cannot be ad-
mitted that by leaving the State for a short time, a debtor sub-
jects himself to the imputatien of absconding or secreting. Some-
thing more than mere absence is necessary to warrant such an
inference. Contemporaneous acts, the demeanor of the debtor
previous and subsequent to his departure, as well as what he
said, are all admissible, at the instance of the creditor, to show
that he had a probable cause for resorting to the remedy by at-
tachment to collect his debt. The opposite conclusion, would
make it necessary for one who is indebted to extinguish his lia-
bilities before leaving the State,' in order to protect his property
from seizure; and this, although the object of his absence may
be to obtain the means to pay his debts. And the same precau-
tion would be proper whether his debts had matured or not; for
an attachment will lie against an absconding debtor in either
case.

The neglect of the debtor to inform the creditor of his inten-
tion to visit another State, cannot determine the object which in-
duced him to go. He was not bound to impart such information,
and the neglect to give it, does not authorize an inference preju-
dicial to his integrity.

It results from what has been said, that the judgment must be
reversed, and the cause remanded.