## HAVIS v. TAYLOR.

1. When one party introduces irrelevant testimony, the other may rebut it, and it cannot be objected that the fact which it was offered to rebut was irrelevant.

2. A record of a judgment properly certified, is evidence of the fact that such a judgment exists, against strangers, as well as parties and privies.

3. In a suit for wrongfully, and vexatiously suing out an attachment, a decla-

Havis v. Taylor.

ration by the plaintiff about a week before the attachment issued, of his intention to leave the State temporarily, not made in the presence of the defendant, or shown to have come to his knowledge previous to the issue of the attachment, is not admissible in evidence.

4. Proof of general reputation in the neighborhood, that the plaintiff was about leaving home for Arkansas, on a visit, is also inadmissible.

5. Declarations of the plaintiff, after the attachment issued of his intention in leaving the State, are not competent.

Error to the Circuit Court of Chambers. Before the Hon. G. W. Stone.

ACTION on the case, by plaintiff against the defendant, for wrongfully and vexatiously suing out an attachment. Plea, not guilty. Verdict and judgment for the defendant. The facts sufficiently appear in the opinion of the court.

S. F. RICE, for the plaintiff in error.

1. The action is for the wrongful and vexatious suing out of an attachment, and also for a wrongful and vexatious and excessive levy. The several decisions of the court excepted to, are clearly contrary to law. Pitts v. Burroughs, 6 Ala. R. 733; Powell v. Olds, 9 Ala. R. 861; Powell v. Olds, 7 Ala. R. 652.

2. The declarations of the plaintiff as offered were clearly admissible; especially the declarations made by him a few days (about a week) before the attachment was sued out. His intention in going to Arkansas, was a material question; it was important to the ends of justice, to show whether he intended to go to Arkansas for a particular purpose and to return, or whether he intended to remove from this State. From the necessity of such a case, the declarations of the party, made within any reasonable time before his departure, must be admissible in the determination of such a question. Pitts v. Burroughs, 6 Ala. Rep. 732.

4. After it was shown the defendant had heard something about the plaintiff's intending to go to Arkansas, and about his object in going to Arkansas, and about his intention to return, and after the defendant had been allowed to show this by his own witnesses in his defence, it should have been al-

lowed to the plaintiff to countervail this testimony and strip it of its seemingly mitigating character, by showing the general notoriety of defendant's neighborhood, of plaintiff's intended trip to Arkansas, and of the object of that trip. The evidence offered by counsel, and excluded, was good in aggravation of damages, if for no other purpose, because it tended irresistibly to show the recklessness and rashness and wantonness of the defendant's conduct. It would have showed that by reasonable inquiry in the neighborhood, the defendant could not have failed to ascertain that there was no ground for an attachment. Lawson v. Orear, 7 Ala. Rep. 784; Br. Bk. v. Parker, 5 Ala. Rep. 731; The State v. Cochran, 2 Dev. Rep. 63.

4. The evidence of the return of no property found as to Walker, was not admissible as against Havis, the plaintiff.

J. E. BELSER and G. W. GUNN, for the defendants.

1. What the plaintiff said, one week before the issuance of the attachment, is no part of the *res gestae*. Hodge v. Thompson, 9 Ala. 131; Yarborough v. Moss, Ib. 382. Further, admissions of a party are evidence against himself, but will not authorize the introduction of proof of counter declarations made at a different time, and such is the attempt in this case. Lee v. Hamilton, adm'r, 3 Ala. 533.

2. The declarations made by plaintiff, a day or two before leaving for Arkansas, are liable to the same objections, and to the additional one, that it was uttered after the issuance of the attachment. Pitts v. Burroughs, 6 Ala. 733; Prosser v. Henderson, 11 Ala. 484; Easly v. Cox, Ib. 362; Bradford v. Haggerty, Ib. 698.

3. The neighborhood report, before the issuance of the attachment, that plaintiff was going to Arkansas, and that he would return in a short time, was properly excluded. Pitts v. Burroughs, 6 Ala. 734; Powell v. Governor, 9 Ala. 36.

4. Evidence having been adduced as to the solvency of Walker, it was competent for the defendant to refute it in the manner pursued by him. McNeil's ex'rs v. Reynolds, 9 Ala. 313; Ansley v. Carloss, Ib. 973.

CHILTON, J.—The plaintiff, having offered evidence

tending to show that one Walker, who was jointly liable with him upon the demand on which defendant had sued out the attachment, was solvent, the defendant offered the record of a judgment rendered in the Montgomery circuit court, which appeared unsatisfied against said Walker, to rebut the plaintiff's proof; this evidence was objected to by the plaintiff, but allowed by the circuit judge.    The plaintiff's counsel now insists that the proof of solvency offered by the plaintiff was irrelevant, and in this we agree with the counsel, but he further insists, that the proof being irrelevant, did not warrant the rebutting evidence of insolvency.    The effect of the rebutting proof was to neutralize the proof offered by the plaintiff, and as the introduction of his proof rendered it necessary, he should not be heard to complain.    In Findley v. Pruitt, 9 Porter's Rep. 195, it was held that where a defendant was improperly permitted to assail the character of the plaintiff, although such proof is irrelevant, it is not erroneous to permit the plaintiff to countervail it by proof of good character.    Although, as a general rule, none but parties and privies are bound by judgments, yet the record, properly certified, is evidence that such judgment existed.    See Lawson v. Orear, 7 Ala. Rep. 784; Ansley v. Carlos, 9 Ala. Rep. 973.    The fact that it was rendered in the county of Montgomery, when Walker lived in Chambers, does not go to the legality of the proof, but only its sufficiency.    If the plaintiff desired to raise any question as to its effect, he should have asked the court for a charge involving it.    McNeill's ex'rs v. Reynolds, 9 Ala. Rep. 313.

2. It is insisted by the plaintiff's counsel that the declarations of the plaintiff, made a few days anterior to the issuance of the attachment, are evidence, as explaining his intention, that he intended leaving the State temporarily.    No effort was made to show that the defendant was advised of these declarations before he sued out the attachment, nor is it pretended that he knew, or had heard of them.    We cannot see upon what principle they can be allowed.    Declarations accompanying an act of a party, from the proof of which act, an inference is sought to be drawn prejudicial to him, are received in evidence, as characterizing it, and as explanatory of the intention with which it is done.    Yarbrough v. Moss, 9

Ala. Rep. 382. But to form a part of the *res gestae*, such declarations must have been made at the time the act was done, which they are supposed to characterize, and must be calculated to elucidate and unfold the nature and quality of the facts they were intended to explain, and so to harmonize with those facts as obviously to constitute one transaction. Enos v. Tuttle, 3 Conn. Rep. 250; Phil. Ev. Notes, 585, 589; Greenl. Ev. 122, 123, 133. The declarations attempted to be proved in this cause were made a week before the attachment issued, and were accompanied by no act to be explained, and at most, amounted only to the statement by the plaintiff to a third person of what he then intended to do at a future time. They were clearly inadmissible by any rule of evidence, and were properly rejected by the court. The case of Pitts v. Burroughs, 6 Ala. Rep. 733, does not sustain the position assumed by the counsel for the plaintiff, but is in harmony with the views above expressed. That case decides, that what a party said *upon leaving home*, or *immediately* preceding his departure, is admissible as forming a part of the *res gestae*, as evidence in his favor. Here the act to be explained was his departure from home, and his contemporaneous declarations show his intention. In the case before us, the declarations are not offered to explain a fact with which they are connected, but as constituting independent facts of themselves. Lee v. Hamilton, adm'r, 3 Ala. Rep. 533.

3. The proof offered by the plaintiff, "that it was generally reputed in the neighborhood in which he lived, that he was going to Arkansas on a temporary visit, and would shortly return," was properly excluded. The cases of Pitts v. Burroughs, *supra*, and Powell v. The Governor, 9 Ala. Rep. 36, are conclusive upon this point, to show the proof illegal.

4. The declarations of the plaintiff, made after the attachment issued, even had they been connected with his departure, could not, upon any legal principle, have been received as evidence for him. To allow such proof, would be to permit the party by his declarations to manufacture proof for himself. The case of Cox v. Easley, 11 Ala. Rep. 362, is pointed to show the exclusion of the declarations was

proper. It results from what we have said, there is no error in the record, and the judgment of the circuit court is therefore affirmed.