## JONES *vs.* STERNS.

[ASSUMPSIT ON COMMON COUNTS FOR SERVICES RENDERED.]

1. *Relevancy of rebutting evidence.*—In an action by an attorney, to recover for services rendered by him as defendant's agent in going to Louisiana, plaintiff proved a conversation between himself and defendant, in which the latter requested him to accompany him to Louisiana as his agent, and he agreed to go; and that they both left the county in which they resided at the same time. *Held,* that defendant, to rebut this evidence, and to show that they in fact went to Texas, and not to Louisiana, might prove that plaintiff had land and slaves in Texas, and had stated that he had gone to Texas with defendant.
2. *Relevant evidence, though insufficient, admissible.*—Evidence which is relevant to the issue, is admissible, without regard to its weight or sufficiency.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Henry F. Sterns against Churchill Jones, to recover $815 "for services rendered in making two trips to Shreveport, Louisiana, as agent or attorney for defendant." The exclusion of certain evidence offered by the defendant, which is stated in the opinion of the court, is the only matter assigned as error.

CHILTON, MORGAN & CHILTON, for appellant.

WATTS, JUDGE & JACKSON, contra.

RICE, C. J.—It appears from the record, that under the issues joined, one of the material questions of fact on the trial was, whether the appellee went with the appellant to Shreveport, in Louisiana, as his agent or attorney. The evidence introduced by the appellee, touching that question, was, that he and the appellant were both citizens of Conecuh county; that in a conversation between them, the appellant asked him to go to Shreveport, in Louisiana, with him, on business as his agent or attorney, the appellee being a practicing attorney; that the appellee promised and agreed to go; and that they went off about the same time from the county. The time of their leaving was not shown, nor were any particular dates fixed by the evidence. It was shown that the appellee had for years transacted all the law business of the appellant. There was no other proof that the appellee went to Shreveport. The appellant then offered to prove by a witness, that the appellee had land and slaves in Texas; that he had stated several times to the witness, that he had gone to Texas with the appellant; that witness had seen the appellee in New Orleans, in 1851, who wished to send a slave by witness to his plantation in Texas; and that the appellee had told witness, that he had been to Texas frequently. This evidence was offered by the appellant, to rebut the presumption arising from the agreement between the parties to go to Shreveport, in Louisiana, and their leaving Conecuh county about the same time, and to show to the jury that they in fact went to Texas, and not to Shreveport. On objection by appellee, the court refused to permit the evidence thus offered by appellant to go to the jury; and the appellant excepted.

We think, that the evidence thus rejected by the court was

admissible. It certainly *tended* to prove, that the appellee did not go with the appellant to *Shreveport, in Louisiana*. It was the right of the appellant to prove the fact that the appellee did not go with him to Shreveport, and to repel the presumption to the contrary which might have been drawn by the jury from the evidence which had been introduced by the appellee; and any evidence which *tended* to repel the presumption which might have been drawn from the evidence introduced by the appellee, or to prove that he did not go with the appellant to Shreveport, was relevant and admissible, without regard to its weight or sufficiency.—1 Greenlf. on Ev. (5th edition) § 51 *a;* Rutherford v. McIvor, 21 Ala. 750; Anderson v. Long, 10 Serg. & Rawle, 55; Cuthbert v. Newell, 7 Ala. 457; McNeill v. Reynolds, 9 *ib.* 313; Havis v. Taylor, 13 Ala. 324.

For the error of the court below in rejecting the evidence offered by the appellant, its judgment is reversed, and the cause remanded.