# Burks *v.* Bragg.

*Action on Note given for Rent.*

1. *Predicate for secondary evidence; proof of loss.*—Secondary evidence of the contents of an alleged writing can not be received, on the testimony of a party that, "to the best of his recollection," the contract was reduced to writing, that it had been misplaced, that he could not find it after diligent search, and that he "thought it was lost, or destroyed;" when he further testifies, on cross-examination, "that he was not prepared to say it was lost or destroyed," and that it was probably among certain papers, which he had packed away for safe-keeping, and which he had neglected to examine.

2. *Same; cross-examination.*—The sufficiency of the proof of loss, as a predicate for the introduction of secondary evidence of the contents of a writing, is a question for the court; and the evidence set out in the bill of exceptions being sufficient to sustain the ruling of the court below, which held the proof insufficient, no injury could have resulted from requiring the party testifying to the loss to answer the question, on cross-examination, "if he would swear there was no possible chance to find the paper."

3. *Landlord's duty to repair.*—The lessee of a store-house takes the premises in the condition in which they are at the time, and the landlord is under no obligation to make repairs, in the absence of an express agreement.

4. *Testimony on cross-examination, as to reason for conduct.*—A party testifying, on cross-examination, as to an act or conduct on his part which amounts to an admission against interest, can not state his uncommunicated reason for such act or conduct.

[Burks v. Bragg.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Elizabeth T. Bragg, against Wm. P. Burks, and was founded on the defendant's promissory note for $292.45, which was dated March 22d, 1888, payable to Davidson & Joseph or order, on October 1st, 1888, at the banking-house of Josiah Morris & Co. in the city of Montgomery, and was assigned and indorsed by the payees to the plaintiff. The note was given for the balance of rent of a store-house in the city of Montgomery belonging to the plaintiff, which the defendant had leased and occupied during the years 1885-87, the payees being plaintiff's agents. The defendant pleaded the general issue, set-off, and recoupment, claiming $600 as damages on account of injury to his goods during the term, caused by defects in the roof and gutters of the house, and plaintiff's failure to make repairs. On the trial, the defendant testified that, when the contract of renting was made, the plaintiff agreed to make necessary repairs to the roof, and that the contract was reduced to writing to the best of his recollection; but the court held the preliminary proof of loss insufficient, and excluded all evidence as to the contents of the writing, and all evidence as to the damage to the goods; to which rulings the defendant excepted. "Defendant testified on cross-examination, that the note was given for the balance of the rent due, and was executed after he had vacated the premises at the end of the term; that he said nothing to said Davidson & Joseph at that time about any damages he had sustained, *for the reason that he was then in such a condition pecuniarily that he could not afford to be sued.*" On motion of the plaintiff, the court excluded the italicized words as evidence, and the defendant excepted. The court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error, with the several rulings on evidence.

A. A. WILEY, for appellant, cited 1st Greenl. Ev. § 558, 14th Ed.; *McCreary v. Turk*, 29 Ala. 246; *Phillips v. Kelly*, 29 Ala. 634; *Railroad Co. v. Stimson*, 14 Peters, 462; *Martin v. Hill*, 42 Ala. 278; *Insurance Co. v. Walden*, 12 Johns. 519; *Hackman v. Jones*, 9 Wall. 201; *Parks v. Ross*, 11 How. 372; 3 Wend. 102; *Morton v. Fairbanks*, 11 Pick. 370; 1 Wall. 359.

[Burks v. Bragg.]

MARKS & MASSIE, *contra*, cited *Singer Man. Co. v. Riley*, 80 Ala. 314; Taylor's Landlord & Tenant, §§ 327-8; *Ball v. Farley*, 81 Ala. 288; Rand. Com. Paper, § 1870; 1 Brick. Digest, 297, § 645.

SOMERVILLE, J.—1. The defendant testified that, to his "best recollection," the contract of renting the store-house was reduced to writing at the time it was entered into between him and the agents of the plaintiff; and while he asserted that the writing had been "misplaced," and that he had made "diligent search" for it without finding it, and "thought it was lost or destroyed;" yet he showed the contrary to be true, by the contradictory admission that "he was not prepared to say it was lost or destroyed," and that it was probably among certain private papers in his possession, which he had carefully packed away for safe-keeping, and which, he confessed, he had neglected to examine. The court clearly committed no error, under these circumstances, in refusing to allow secondary evidence as to the contents of the written lease.

2. This question as to secondary evidence was one exclusively for the determination of the court. There could have been no injury, therefore, in allowing the plaintiff's counsel to ask the witness, "if he would swear that there was no possible chance to find the paper," or in requiring this question to be answered. The test implied by the interrogatory may have been a fallacious one, but it was propounded on cross-examination, and the decision of the court manifestly did not rest on the answer elicited by it, but on the other admitted facts, which were perfectly conclusive of the point decided.

3. No duty devolved upon the landlord to make any repairs on the premises, unless there was an agreement to make them. The tenant would take the store-house at his own risk, as to fitness for habitation or use, whatever its condition may have been at the time.—*City of Lowell v. Spaulding*, 50 Amer. Dec. 775; *note*, 776; *Fisher v. Lighthall*, 54 Amer. Rep. 258. The *onus*, then, was on the defendant, as tenant, to prove such alleged agreement to repair, by legal and competent evidence. The note given for rent contained no such condition. The written lease presumptively did not. The only legal mode of showing the contrary was, either by producing the lease itself, or proving its contents by secondary evidence. The writing was not produced. Its contents

[Chipman, Calley & Co. v. Stern & Co.]

could not be proved by parol, because its absence was not satisfactorily accounted for by proof of its loss or destruction. It follows that the court properly excluded all the evidence tending to prove a stipulation in the lease that the plaintiff would make repairs. And necessarily there was no error in refusing to allow evidence of any damages suffered by the defendant in the destruction of his goods by rains, caused by a failure to make such repairs.

4. The "reason why" the defendant did not make a claim for such damages, when he executed the note sued on, in the above view of the case, was immaterial, to say nothing of the objection that it was but an attempt to elicit evidence of an uncommunicated motive for his silence, which was not admissible.—*Ball v. Farley*, 81 Ala. 288; *McCormick v. Joseph*, 77 Ala. 236.

The rulings of the court are free from error, and the judgment must be affirmed.