# Baldwin *v.* Walker.

## *Action on Attachment Bond.*

1. *Testimony as to uncommunicated intention.*—The uncommunicated motive or intention of a party, in doing an act which is the subject of legal controversy, is matter of inference to be drawn by the jury from the particular facts and circumstances of the case, and not a matter as to which the party can himself testify as a fact.

2. *Evidence rebutting ground on which attachment was sued out.*—In an action to recover damages for suing out an attachment against plaintiff, on the ground that she was about to remove from the State, she can not be allowed to testify that, when she left, she had no intention of removing from the State; nor to state the reasons why she was attached to her residence here, and did not desire to relinquish it; nor can she prove her prior declarations, not made at the time of leaving, to the effect that she was only making a visit, and would return.

3. *Subsequent acts and declarations of parties as to claim of exemption.* The attachment having been sued out on the ground that plaintiff was about to remove from the State, and levied on the house and lot which was her residence, she can not be allowed to prove that she afterwards interposed a claim of homestead exemption; nor can she prove declarations of the attorney of the attaching creditor, made to the sheriff and others, to the effect that he would contest her claim, and defeat it if he could.

4. *Liability of principal for malice of agent.*—As a general rule, the principal is not responsible in damages for the malice or vexatious conduct of his agent suing out the attachment, unless he procured, authorized, or ratified such conduct; and if the agent, having ascertained facts which, on the advice of an attorney, constitute good ground for an attachment, so informs his non-resident principal, who thereupon procures sureties to sign the attachment bond, this does not subject him to liability for any malice or vexatious conduct on the part of his agent.

5. *Probable cause for suing out attachment.*—If the agent of a non-resident creditor, sent out with instructions to collect the debt, is informed by a near relative of the debtor that she was about to go to Philadelphia, and by a commercial agency that she had failed in business, had sold out her stock of goods, mortgaged all of her property except her residence, and was offering it for sale; these facts constitute probable cause for believing that she was about to remove from the State, and malice can not be imputed to the agent, who, acting on the advice of an attorney, sued out an attachment on that ground.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Ida S. C. Walker, against A. M. Baldwin, surety on an attachment bond; and was commenced on the 30th March, 1888. The attachment against

[Baldwin v. Walker.]

Mrs. Walker was sued out by the Empire Paper Bag Company, a partnership doing business in New York, on the 29th March, 1888; the alleged ground being that she was about to remove from the State, so that the ordinary process of law can not be served on her; and the defendant in this action was indemnified by them to sign the attachment bond as surety. The affidavit for the attachment was made by W. E. Crane, an agent of the company, who was sent out by it from New York with instructions to collect the debt due from Mrs. Walker, and who testified on the trial to the information he received about her in Montgomery, which he communicated to an attorney, by whose advice the attachment was sued out. The attachment was levied on the house and lot in which Mrs. Walker resided, the title to which was in the name of her deceased husband, who died several years before; and it was sold by W. D. Westcott, as his administrator, under a probate decree, for the payment of debts, W. L. Chandler becoming the purchaser, at the price of $5,600. Mrs. Walker interposed a claim of exemption to a part of the proceeds of sale in the hands of the administrator, and also filed her claim in the Probate Court; and the court admitted evidence of these facts, against the objection and exception of the defendant. The court allowed said Westcott and Chandler each to testify, against the objection and exception of the defendant, to declarations made to them by one of the attorneys for the plaintiff in attachment, to the effect that he would defeat Mrs. Walker's claim of exemption, if he could, because she had brought an unjust suit against his client. Dr. M. B. Wharton, a witness for plaintiff, who boarded at her house when the attachment was sued out, testified to declarations by her as to her proposed trip to Philadelphia; and the court admitted them as evidence, against the objection and exception of the defendant. The plaintiff's own deposition was taken in her behalf, and numerous exceptions were reserved by the defendant to the admission of several portions of it, the substance of which is stated in the opinion.

The assignments of error, 29 in number, embrace all the rulings on evidence to which exceptions were reserved, with charges given, and the refusal of charges asked.

ARRINGTON & GRAHAM, for appellant, cited *Havis v. Taylor*, 13 Ala. 324; *Oxford Iron Co. v. Spradley*, 51 Ala. 171; *Brewer v. Watson*, 65 Ala. 88; *Thrash v. Bennett*, 57 Ala. 156; *Jackson v. Smith*, 75 Ala. 97; *Nat. Bank v. Jeffries*, 73 Ala. 183; *Lehman v. Warren*, 53 Ala. 535.

RICE & WILEY, *contra*.

[Baldwin v. Walker.]

CLOPTON, J.—In respect to the rulings on evidence, the court erred in the following particulars;

(1.) In allowing plaintiff to testify that she never intended making Philadelphia, or any other place than Montgomery, her home; and that she had no intention of leaving, or removing from, or abandoning the State of Alabama. By the decisions of this court it is well settled, that the uncommunicated motive or intention of a party is a matter of inference to be drawn by the jury from the facts and circumstances of the case, and is not the subject of direct proof; such evidence has been uniformly declared inadmissible.—*Ball v. Farley*, 81 Ala. 288; *McCormick v. Joseph*, 77 Ala. 236; *Whizenant v. State*, 71 Ala. 383; *Burks v. Bragg*, 89 Ala. 204.

(2.) In not excluding from the jury the testimony of plaintiff, that her most cherished associations for years past have been in Montgomery; that no other place has, or has had, the same attractions for her; and that while her husband's relatives reside in Philadelphia, and wanted his remains brought there, she brought them to Montgomery that she might live there with her children without regret. It is competent for plaintiff to state the facts, but not her conclusions or inferences as to the character of her associations, or of the attractions of the place, or her purpose in bringing her husband's remains to Montgomery. Moreover, none of these answers are responsive to any interrogatories. They were calculated to prejudice the jury, without shedding light upon any issue in the case, and defendant was powerless to rebut or disprove the testimony.

(3.) In admitting the testimony of the witness Wharton, of plaintiff's declaration to him, before the attachment was sued out, about her going to Philadelphia on a visit, and that he need not be uneasy about boarding with her. The declarations were not made at the time of leaving for Philadelphia, and were not explanatory of the act. Declarations made anterior to the suing out of the attachment, explaining plaintiff's intention to leave the State only temporarily, are not competent.—*Havis v. Taylor*, 13 Ala. 324; *Jackson v. Smith*, 75 Ala 97.

(4.) In admitting in evidence plaintiff's claim of exemption, and the testimony of the witnesses Westcott and Chandler, as to conversations had with the attorney of the plaintiffs in attachment. The claim of exemption was made, and the conversations were had, after the attachment was sued out. The court restricted the effect of this evidence to the inquiry, whether the claim of exemption was resisted from malice, and whether such malice existed at the time the attachment was

[Baldwin v. Walker.]

sued out. If the attorney believed that plaintiff was not entitled to the exemption, it was his duty to resist the claim; and even if he was actuated by malice in so doing, it is not shown that the plaintiffs in the attachment were informed that such claim had been made, or of the acts and declarations of the attorney.

The attachment was sued out by an agent. The general rule is, that the principal is not responsible for the malice or vexatious conduct of the agent suing out the attachment, unless he procures, authorizes, or ratifies such conduct. In the absence of a statutory ground for the issue of an attachment, the principal would be liable for actual damages; but he is not liable for vindictive damages, unless he is without probable cause for believing that grounds for suing out the attachment existed, or had knowledge of the facts relied on, and there is, in truth, no ground for the attachment. In *City Nat. Bank v. Jeffries*, 73 Ala. 163, it is said: "If a claim in a distant locality be intrusted to a reputable attorney for collection, and that attorney informs his client that there is a ground for suing out an attachment, and the creditor thereupon, at the attorney's request, furnishes sureties to make the bond, in the absence of other knowledge or information, vexatiousness or malice can not be imputed to the creditor, and he is not responsible for exemplary or vindictive damages."

The agent who sued out the attachment testified, that he was sent to Montgomery by the plaintiffs therein, to collect their claim, without instructions or request to sue out an attachment; that after his arrival in Montgomery, he made as thorough investigation as he could in relation to the business and purposes of plaintiff, and was informed by her brother, or brother-in-law, that she was about to go to the city of Philadelphia; and that he was also informed by the agent of R. G. Dun & Co. that plaintiff had failed in business, sold out her stock, and made a deed of trust to all her property, except her house and lot, to secure a large debt due the First National Bank; also, that she was offering her house for sale. The agent further testified, that he thereupon consulted an attorney, as to the course he should pursue, who advised him to take out an attachment; and that his principals provided security to enable him to sue out the attachment, upon a telegram from the attorney; also, that he had no communication with his principals, until the attachment was sued out.

These facts, if they existed, furnished probable cause for believing that plaintiff was about to remove from the State of Alabama, and malice or vexatiousness can not be imputed, even to the agent. Furthermore, there is no evidence that

[Geo. Pacific Railway Co. v. Love.]

his principals were informed of the ground on which the attachment was sued out, but furnished the sureties to make the bond at the request of the attorney, nor that they were informed of any malice or vexatious conduct on the part of the agent. In the absence of any evidence tending to show such information, or that the conduct of the agent was authorized, procured, or ratified by the creditor, his malice or vexatious conduct can not be visited on his principals.—*Jackson v. Smith, supra.* On the evidence, if believed, the first charge requested by defendant, to the effect that the malice of the agent, if any, can not be considered by the jury in estimating vindictive damages, should have been given. The charge is a copy of the second instruction requested by the defendant in *Jackson v. Smith, supra*, which this court held ought to have been given. Merely providing security on the attachment bond by request of the attorney, without knowledge of the ground on which the attachment was sued out, or of any malice or vexatious conduct on the part of the agent, is not a ratification of such conduct, which will make the principal responsible for vindictive damages.

Several of the rulings of the court are not in accord with these views.

We have been requested by counsel to discuss the law governing the allowance of attorney's fees for defending the attachment suit. This question was not raised in the court below, either by objection to the evidence, or by charge. Whatever opinion we might express, would be mere *dictum.* We therefore decline to consider the question.

Reversed and remanded.