# Vandiver & Co. *v.* Waller, Admrx.

## *Suit on Attachment Bond.*

1. *Damages; pleading; motion to strike.*—Damages alleged in a complaint, which are not recoverable, and immaterial averments, may be properly stricken from the complaint on motion. But the refusal of the court to grant the motion is not reversible error, as the defendant may protect himself against the recovery of such damages by objections to the evidence, or by special charges.

2. *Same; attachment.*—If an attachment is sued out without the existence of any statutory ground therefor, it would be wrongfully sued out, and the defendant in attachment, in an action on the attachment bond, would be entitled to recover all actual damages accruing to him by reason of such wrongful attachment.

3. *Same; same; actual and special damages; pleading.*—Damages, to be recoverable, must be the natural and proximate consequence of the wrong done; not the remote or accidental result. Special damages can be recovered only when they are not too remote, and are specially claimed in the complaint.

4. *Same; same; same.*—Damage to goods levied upon under attachment, such goods being of a perishable nature, growing out

[Vandiver & Co. v. Waller, Admrx.]

of the storing thereof for a long time in a closed room, and from lack of attention and by want of air, are actual damages.

5. *Same; same; attorney's fees.*—Reasonable and necessary counsel fees paid or incurred in defending an attachment suit are recoverable in a suit on the attachment bond, as actual damages, whether the attachment was only wrongful, or vexatious as well, if the employment of such became necessary as a result of the suing out of the attachment. And, where exempt property is levied upon under the writ, such fees paid counsel for preparing and filing the claim of exemptions, and defending a contest thereof, are recoverable as actual damages.

6. *Same; same; injury to credit and business.*—Injury to the credit and business of a defendant in an attachment suit may result from the wrongful or vexatious suing out of an attachment, and form the basis for the recovery of special damages in a suit on the attachment bond.

7. *Charge of court; misleading charge; appeal.*—The Supreme Court will not reverse the lower court for giving a misleading charge, unless it clearly appears that injury resulted from the giving of such charge. The opposite party may protect himself in the lower court by asking an explanatory charge, curing the supposed vice.

8. *Attachment; grounds for.*—The temporary absence of a debtor from the State, though he does not inform his creditors, does not *per se* authorize a creditor to resort to the remedy of attachment to collect his debt.

9. *Same; damages; punitive damages.*—Where a complaint claims the amount of the penalty of an attachment bond, in a suit thereon for vexatiously or maliciously suing out the attachment, an instruction to the jury that they might fix such punitive damages as seems right to them, not exceeding the amount of the attachment bond, asserts a correct rule of damages.

10. *Same; same; malice.*—A witness cannot testify directly to the existence or non-existence of malice. As a motive which inspires the action of a person, when necessary to be shown, malice or its lack must be gathered from a consideration of all the evidence in the case, bearing upon the inquiry.

APPEAL from the Circuit Court of Wilcox.
Tried before Hon. JOHN MOORE.

This action was brought by the appellee, as administratrix of the estate of W. Lowery Waller, deceased, against the appellants, W. F. Vandiver and Co. and

others, based on an attachment bond, and sought to recover damages for the wrongful, vexatious and malicious suing out a writ of attachment against the property of the plaintiff's intestate during his life time. The conditions of the bond are shown by the opinion, and it is not necessary, for an understanding thereof, to set out the various counts of the complaint in detail. Each count set out the bond and breach, some alleging that the attachment was only wrongful, and others, that it was vexatious and malicious as well, and without the existence of, or a reasonable cause to believe the existence of a statutory ground therefor. Some of the counts claimed damages generally, and others claimed also, special damages, as injury to the goods attached from neglect and improper storage, attorney's fees for defending the attachment suit, attorney's fees for filing a claim of exemption to the goods attached and for defending a contest thereof instituted by the defendants, loss of credit and business standing, mental suffering, injury to reputation, and also, that the intestate's estate was worth less than one thousand dollars and was exempt to the widow without administration of his estate, but that, by reason of the attachment, such administration became necessary, to the damage of the plaintiff in the amount of the court costs and other costs of administration including an attorney's fee incurred therein.

Motions to strike various parts of the complaint were made, being sustained as to the claims for mental suffering and injury to reputation and the costs of the administration. Other matters of pleading, or ruling of court, are unnecessary here.

On written request of the plaintiff, the court gave the following charges, to which action the defendants separately excepted: 1. "The court charges the jury that if they find from the evidence that Lowery Waller was not about fraudulently to dispose of his property, then although Vandiver & Co. honestly believed that Lowery Waller was about to fraudulently dispose of his property, and had probable cause for such belief, said Vandiver & Co. would be liable to the plaintiff if there was no other cause for the attachment suit." 2. "The court charges the jury that even the temporary absence of a debtor from

the State, though he does not inform his creditors, does not authorize an inference prejudicial to his integrity nor authorize an attachment against him or his property." 3. "The court charges the jury that if they believe from the evidence that Lowery Waller was not about fraudulently to dispose of his property, and that no ground existed for the issuance of the attachment, then Vandiver & Co. would be liable for all actual damages that the evidence shows you the plaintiff has suffered." 4. "The court charges the jury that the elements of actual damages as claimed in this case, are damages to the goods, attorneys' fees in the attachment suit, and in contest of exemptions, and in loss of credit and business, and they must look to the evidence for the amount of these damages." 9. "The court charges the jury that if they believe from the evidence that the suing out of the attachment was wrongful as has been defined by the court, and that the attachment was issued without probable cause, punitive as well as actual damages can be recovered, though the attachment is sued out by an agent if the principal with full knowledge ratified the act of the agent." 12. "The court charges the jury that in law, when a party has less than $1,000.00 of property, such party can sell at any price or give away his property and his creditors cannot complain." 13. "The court charges the jury that punitive, or exemplary damages cannot be proved in dollars and cents but when the report shows acts of malice and vexation, the jury alone can fix in dollars and cents the measure of damages for malicious and vexatious acts, and they, the jury, can fix such punitive damages as may seem right to them. not exceeding the amount of the attachment bond." 15. "The court charges the jury that malice cannot be testified about by Vandiver & Co. whether it existed, but the law is that the jury must look at the circumstances bearing on the inquiry, the circumstances of the issuance and levy of the attachment and the conduct of the defendants in instituting the attachment suit." 16. "The court charges the jury that the absence of a debtor from his home does not subject his property to attachment upon the allegation that he absconds or se-

cretes himself, and his neglect to inform a creditor of his intended absence does not alone authorize the latter to resort to the extraordinary remedy of attachment." 17. "If Lowery Waller left his usual place of business and abode with the intention of again returning, and without any fraudulent intent, then his absence was not that of absconding in the meaning of the law." The court refused the following written charge requested by the defendants: "If the jury are reasonably satisfied from all the evidence in this case, that at the time, W. Lowery Waller was selling off his goods as testified to by the witnesses in this case, he then did not own property sufficient to pay all his debts, if the jury are reasonably satisfied from all the evidence that he owed such debts, at that time, and if they are further reasonably satisfied from all the evidence that said sale of goods by said Waller were for prices greatly disproportionate to the value of such goods, and that such sales were for cash, they must bring in a verdict for the defendants, even though they should believe from the evidence such cash was used towards paying part of his debts, and that said sales were made for the purpose of raising such cash for that purpose."

There was verdict and judgment for the plaintiff, and the defendants appealed.

BONNER & BONNER and HOWARD & JONES and J. F. STALLINGS, for appellant.—The damage to the goods arising from storage and lack of care, if any, is due to the acts of the sheriff, with which the defendants had no connection.—*Brock v. Berry*, 132 Ala. 95; *Jefferson County Savings Bank v. Eborn*, 84 Ala. 529-534. Objections to claims of damages which are improper should be raised by motions to strike the objectionable matter from the complaint;—*Howison v. Oakley*, 118 Ala. 215; *L. & N. R. R. v. Hine*, 121 Ala. 234. The claim for attorney's fees for defending the attachment suit should have been stricken, as there was no averment showing that the employment of an attorney was necessary, or that the debt claimed was not due;—*Jackson v. Millspaugh*, 100 Ala. 285; *Baldwin v. Walker*, 94 Ala. 514. Damages claimed

for filing claim of exemptions, and defending a contest thereof, were too remote;—*Foster v. Napier,* 74 Ala. 393; *Jackson v. Smith,* 75 Ala. 97-102. A malicious motive of an agent cannot be visited upon the principal;—*Pollock v. Gantt,* 69 Ala. 374-379; *Louisville J. C. Co v. Lichkoff,* 109 Ala. 137.

MILLER & MILLER & PETTUS and JEFFRIES & PARTRIDGE, *contra.*—The damages to the goods from lack of care or improper storage are recoverable, as the sheriff was acting under the writ of attachment;—*Crofford v. Vassar,* 95 Ala. 548; *Brown v. Master,* 104 Ala. 459; *Lowenstein v. Monroe,* 55 Iowa, 82. Attorney's fees for defending the attachment suit and in matter of claim of exemptions, were proper elements of damage;—*Dothard v. Shield,* 69 Ala. 135-138; *Flournoy v. Lyon,* 70 Ala. 208-313; *Roberts v. Hein,* 27 Ala. 678-683. Loss of credit and business is the natural consequence of suing out an attachment against a merchant on the ground of fraud;—*Marx v. Leinkhauff,* 93 Ala. 453. Mere temporary absence from the State, even though the debtor does not inform his creditors thereof, does not authorize an attachment against him, nor does it authorize an inference against his integrity;—*Pitts v. Burrough,* 6 Ala. 733, 736.

DENSON, J.—On the 17th day of June, 1901, W. F. Vandiver & Company sued out an attachment in the circuit court of Wilcox county against W. Lowery Waller, which attachment ran against the estate of said Waller and, on the 17th of June, 1901, was levied by the sheriff of that county on a stock of goods, wares and merchandise and store furniture, including an iron safe, as the property of the defendant in attachment.

On the 30th day of June, 1901, W. Lowery Waller, the defendant in the attachment suit, died.

On the 5th day of August, 1901, Mary Waller, as the administratrix of the estate of W. Lowery Waller, deceased, commenced this suit against W. F. Vandiver & Company, the individuals composing the firm of W. F. Vandiver & Company, and the sureties on the attachment bond, for a breach of that bond.

[Vandiver & Co. v. Waller, Admrx.]

The complaint as originally filed contained six counts. The 3rd and 6th counts were stricken on motion of the defendants. The complaint was amended by adding counts 7 and 8. On motion of the defendants certain portions of the 7th and 8th counts were stricken.

The case was tried on the 1st, 2nd, 4th, 5th, 7th and 8th counts of the complaint and the plea of the general issue. The trial resulted in a verdict and judgment for the plaintiff in the sum of $650.00.

There are sixty-three assignments of error. Of these, the 22nd, 26th, 40th, 23rd, 27th, 32nd, 37th, 24th, 28th, 33rd, 38th, 25th, 29th, 34th, 39th, 30th, 31st, 35th and 36th relate to rulings of the court overruling defendant's motion to strike from the complaint certain claims or specifications of damages.

Damages which are alleged in a complaint, but which are not recoverable, and irrelevant averments, may be properly stricken from the complaint on motion. But, the refusal of the court to grant the motion is not reversible error, as the defendant may protect himself against the recovery of such damages by objections to the evidence or by special charges;—*Goldsmith, Forcheiner & Co. v. Pickard*, 27 Ala. 142; *Marx v. Miller*, 134 Ala. 347; *Davis v. L. & N. R. R. Co.*, 108 Ala. 662; *Daughtry v. Am. U. T. Co.*, 75 Ala. 168; *Columbus & Western Railway Co. v. Bridges*, 86 Ala. 448; *L. & N. R. R. Co. v. Hall*, 91 Ala. 112; *Worthington & Co. v. Gwin*, 119 Ala. 44.

The other assignments of error, that are insisted upon in brief and argument of counsel for the appellants, relate to the giving of charges requested by the plaintiff and the refusal to give a charge requested by the defendants.

Of the series of charges given at the request of the plaintiff, those numbered 3, 8, 9 and 13 relate to the elements of damages involved in the case and we will consider them first.

The attachment was sued out upon the ground that the defendant in the attachment suit (W. Lowery Waller) was about to fraudulently dispose of his property, so that ordinary process of law could not be served upon him.

The breaches of the bond alleged in the complaint are, that the attachment was wrongfully sued out; that it was

27s

wrongfully and vexatiously sued out; that it was wrongfully and maliciously sued out; that it was sued out without the existence of any statutory ground for the issuance of the attachment; and that the ground of attachment alleged in the affidavit was untrue and there was no probable cause for believing the said alleged ground to be true.

It is well settled law, that, if an attachment is sued out without the existence of any statutory ground upon which to predicate, the attachment would be wrongfully sued out, and when wrongfully sued out the defendant in the attachment suit, in an action on the attachment bond, would be entitled to recover all actual damages which the evidence might show had accrued to the defendant in the attachment suit from such wrongful suing out the attachment. This is all that was asserted by charge numbered 3 of plaintiff's series, and the giving of it was not error.—*Kirksey v. Jones,* 7 Ala. 622; *Alexander v. Hutchinson,* 9 Ala. 826; *Pollack v. Gant,* 69 Ala. 373.

The criticism made by appellants of the charge, if just, only tends to show that the charge was misleading. If the defendants apprehended that the jury might under the charge award damages that were not recoverable, this was capable of correction by an explanatory charge which should have been requested by them.—*Durr v. Jackson,* 59 Ala., bottom of page 210; 2 Mayfield's Digest, p. 573, § 214.

The 8th charge in plaintiff's series is in the following language; "The court charges the jury that the elements of actual damages, as claimed in this case, are damages to the goods, attorney's fee in attachment suit and in contest of exemptions, and in loss of credit and business, and they must look to the evidence for the amount of these damages."

The charge presents the question, what are to be considered as actual damages under the pleadings and evidence in the case? The solution of the question, in some respects, is not free from difficulty.

The general rule for the recovery of damages is, that they must be the natural and proximate consequence of

[Vandiver & Co. v. Waller, Admrx.]

the wrong done; not the remote, or accidental result. "And special damages can be recovered only when they are not too remote, and are specially counted on and claimed in the complaint."—*Pollack v. Gant, supra.* If the damages claimed are too remote, even special averments will not authorize their recovery.—*Pollack v. Gant, supra.*

With respect to the first item of damages mentioned in the charge (damages to the goods), it was alleged in the 4th, 5th and 8th counts of the complaint that, after the writ of attachment was levied on the goods of the defendant in attachment (describing the goods), the sheriff kept them for a long time locked and closed up in a storehouse at Camden during extremely warm weather; that said property was of a perishable nature and was damaged by want of air and proper attention. On these allegations the plaintiff claimed damages in the sum of two hundred and fifty dollars for the injuries to the goods.

It cannot be questioned that the averments of the complaint are specific to the effect that the sheriff was acting under the writ of attachment in keeping the goods in the house locked up. There was evidence tending to show that some of the goods were damaged by being kept in the house.

In the case of *Crofford v. Vassar*, 95 Ala. 584, a lot of cotton was levied on in the field, and injury to it resulting from being allowed to remain in the field was held to be a legitimate element of recoverable damages resulting from the levy of the attachment. So, we think in this case that injury to the goods, resulting from being kept in the house, formed a legitimate basis for the recovery of actual damages.—*Donnell v. Jones*, 13 Ala. 490; *Boatwright v. Stewart*, 37 Ark. 614; *Drake v. Webb*, 63 Ala. 596.

Reasonable and necessary counsel fees, paid or incurred in defending the attachment suit, are recoverable in a suit on the attachment bond as actual damages, whether the attachment was wrongful, or wrongful and malicious. The evidence shows that counsel was employed.—*Flourney v. Lyon*, 70 Ala. 308; *Dothard v.*

*Sheid,* 69 Ala. 135; *Seay v. Greenwood,* 21 Ala. 491; *Marshall v. Betner,* 17 Ala. 832.

The condition or defeasance of the attachment bond is to prosecute the attachment to effect, and pay the defendant all such damages as he may sustain from the wrongful or vexatious suing out of such attachment. Fees paid counsel in an attachment suit by the defendant in attachment, to be recoverable in a suit on the bond, must be such as were required to be paid or incurred by the wrongful suing out of the attachment; in other words, the one must sustain the relation of cause to the other as its effect, to fix liability therefor. But for the suing out of the attachment, it would not have been necessary for the defendant in attachment to have filed his declaration of exemptions; the suing out of the attachment necessitated a resort to the statutory right of exemption by the defendant to get his property released from the levy. It seems to us that fees paid counsel for services rendered in and about the preparation and filing of the exemption declaration on a contest of the declaration by the plaintiff in the attachment suit, are recoverable as actual damages in suit on the bond, as a proximate consequence of the wrongful suing out of the attachment. —*Boggan v. Bennett,* 102 Ala. 400; *Roberts v. Hein,* 27 Ala. 678; Sutherland on Damages, § 516 (3rd ed.)

Injury to the credit and business of a defendant in attachment may result from the wrongful or vexatious suing out of an attachment, and form the basis for the recovery of special damages in a suit on the attachment bond.—*Donnell v. Jones,* 13 Ala. 490; *Flourney v. Lyon,* 70 Ala. 308; *Pollack v. Gant,* 69 Ala. 373; *Durr v. Jackson,* 59 Ala. 203; *Marx Bros. v. Leinkauff,* 93 Ala. 453.

The criticisms by counsel for appellants of charge 8 is to the effect that it does not include injury to the reputation of defendant in attachment as an element of actual damage, as differentiated from vindictive damages, and that the jury might have well inferred that they were vindictive damages, under the definition given in charge 8 of actual damages, in estimating the damages to be accorded the defendant. We hardly think the charge was open to the criticism made, but, be that as it may, the de-

fendants could easily have asked an explanatory charge and have protected themselves from that supposed vice in the charge. There was no error in giving charge 8.

There was no error in giving charge 1. The proposition stated in it is supported by reason and authority.— *Pollack v. Gant, supra.* The criticism made by the appellant's counsel only tends to show that the charge was misleading. The Court will not reverse the lower court for giving a charge that is misleading, unless it clearly appears that injury resulted from the giving of such charge.—2 Mayfield's Digest, p. 573, § 214.

The evidence showed that the defendant in attachment was absent from Camden, the town in which he resided and did business, for nearly two weeks before the attachment was sued out. There was evidence which tended to show that he was absent in good faith seeking funds with which to pay his debts, and there was evidence tending to show to the contrary. It must be conceded as true, that the temporary absence of a debtor from the State, though he does not inform his creditors, does not *per se* authorize the creditor to resort to the writ of attachment to collect his debt.—*Pitts v. Burroughs,* 6 Ala. 733. While the charge is argumentative, and in one respect abstract, in that there was no evidence showing that defendant in attachment left the State, this will not make the giving of the charge reversible error. We do not think the charge precluded the jury from consideration of the evidence tending to show that the defendant in attachment was absent, in the sense that he had absconded. There was no error in giving charge 2. The defendant could have corrected any misleading tendency in that respect by an explanatory charge.

We detect no error in charge numbered 9, given for the plaintiff.—*Baldwin v. Walker,* 91 Ala. 428; *Hamilton v. Maxwell,* 119 Ala. 431; *Jackson v. Smith,* 75 Ala. 97.

The ground of error assigned (52) with reference to charge number 12 is not insisted upon in brief of counsel.

The amount claimed in the complaint is the same as the penalty of the bond, and, while charge 13 instructed the jury that they might fix such punitive damages as might seem right to them not exceeding the

amount of the attachment bond, and on this account is informal, it is substantially correct in that respect. The charge asserts a correct rule of damages, and the court committed no reversible error in giving it.—*Floyd v. Hamilton*, 33 Ala. 235; *A. G. S. Ry. Co. v. Frazer*, 93 Ala. 45 (12 h. n.) ; *Montgomery & Eufaula Ry. Co. v. Mallett*, 92 Ala. 209.

It is true that it is not permissible for a party to testify directly as to the existence or not of malice. Malice as a motive which inspires the action of a person, when necessary to be shown, must be gathered from a consideration of all the evidence in the case bearing upon the inquiry. Four letters written by Vandiver & Company were offered in evidence, two of them by the plaintiff and two by the defendants, which the appellants insist shed light upon the question of malice. It is insisted by appellants that the 15th charge given at the request of the plaintiff prohibited the jury from considering either of the letters on the question of malice. We do not so construe the charge; it may be that the charge was misleading in this respect, but as we have repeatedly said in this opinion, the fact that a charge has a misleading tendency will not render the giving of it error unless it clearly appears that the jury was misled by it to the prejudice of the party against whom it was given. We cannot say that the jury was misled to the prejudice of the defendants by charge 15. The defendants by asking an explanatory charge could have protected themselves from the supposed misleading tendencies of the charge.

Charges 16 and 17, as we construe them, did not invade the province of the jury. The further criticism of these charges by the appellants is to the effect that they were calculated to mislead the jury. This did not render the giving of them reversible error. The defendants, if they were impressed with the belief that the jury might be misled on account of the charges from giving consideration to the debtor's intention in being absent from home, could have arrested such misleading tendency by requesting explanatory charges. And it would seem that charge number 6 given at the request of the defendant was requested as an explanatory charge; at any rate it re-

quired the jury to consider all the evidence, in determining the question as to whether or not the debtor had absconded before the commencement of the attachment suit.

We have given consideration to all of·the numerous assignments of error that have been insisted upon in brief and argument of appellants' counsel, and having found no error in the record the judgment of the court below must be affirmed.

Affirmed.

McCLELLAN, C. J., TYSON and DOWDELL, J.J., concurring.